HANLON, JUDGE:
This claim was filed to recover damages for personal injury and a wrongful death which occurred when claimants were employed in the construction of the New River Gorge Bridge in Fayette County. One of the original claimants has died since the filing of the complaint, and the Court, on its own motion, amended the style of the claim to include Helen King, Adminstratrix of the Estate of Gerald King, deceased, as the proper party claimant.
The claimants allege that respondent failed to comply with regulations of the Department of Labor Occupational Safety and Health Administration. These regulations refer to the use of scaffolds, flooring, overhead lines, excavations and safety nets, among others. In addition, claimants allege that standards mandated by "An Informational Guide on Occupational Safety on Highway Construction Projects" were not followed.
The prime contractor on this job was American Bridge, a Division of the U.S. Steel, Inc. The contract for this project was let on June 26, 1973. Work began in the latter part of August, 1973.
At about 1:00 p.m., on May 17, 1974, an accident occurred in which the husband of one of the claimants was killed and the other claimants were injured. Claimants allege that the respondent project engineer did not fulfill his responsibility of overseeing the safety of employees on this project. It is alleged that the project engineer was advised of certain hazardous conditions which were in violation of safety specifications. It is further alleged that the project engineer was negligent in failing to rectify these conditions, and as a result, the accident occurred.
Arnold Bradshaw, Ironworker Steward from Ironworker's Local 301, described the site of the accident. The accident occurred on the north approach abutment. There was na excavation between this abutment and the north rim of the gorge. The witness explained that there was a working pad or mat in place from the top of the north abutment to the actual north rim. The mat was placed on the ground level extending from the north rim out to the north abutment. The cap portion of the pier was not completed, thereby exposing metal rods which were protruding from the cap to maintain the mat's elevation even with the ground level. The mat was on top of the rods. According to Mr. Bradshaw, the excavation below the mat was at least 25 feet deep.
Mr. Bradshaw testified that the mats were not attached or tied down in any way on the rim side of the gorge. He testified that he complained to the superintendent of U.S. Steel, the project manager of U.S. Steel, and to respondent's engineer about the excavation. He felt that the excavation below the mat should have been filled in to ensure the safety of the men working on the mat. There were no handrails on the mat nor was there a safety net under the mat.
*115 Claimant Owen Facemire, Jr. testified that at the time of this incident the men were in the process of attaching a cable system between towers that were located on each side of the gorge. One cable was in place. The sheaves where the cable was riding had to be jacked apart to place the pins in. The sheaves were laying on the ground as they were being jacked apart. "The cable that was holding the sheaves on the platform was draped out over." The sheave was cabled to the platform, and the cable was not attached to anything. The men were attaching another cable to the trolley system when the platform fell into the excavation below. Mr. Facemire was standing on the platform and scaffold at the edge of the rim side. He stated that the work platform that he was working on "was going in the hole as he was getting off the end of it." The platform had been placed there the week of the accident. It was not attached to anything on the earth side, nor was it attached to anything on the concrete or gorge side. The mat consisted of two platforms on top of each other. He estimated the excavation below the mat as 26 or 27 feet deep. There were no handrails erected on this work platform nor were there any toe boards on it. There were no provisions for safety lines nor was there a safety net provided below the mat.
Earl R. Scyoc, Director of Construction for respondent at the time of this incident, testified that the contract for the construction of this bridge was a contract of design with Michael Baker Company and a contract for construction with American Bridge Company. He stated that "... it's American Bridge's responsibility as the contractor to provide safety for the workmen that's performing their work in the contract." However, he testified that his department does have the ability to enforce safety regulations on construction projects. He also stated that prior to the time of this accident, he was not made aware of any serious safety violations on this project.
Jesse H. Gravely, Construction Engineer for respondent, testified that his duties concerning the New River Gorge Bridge project were principally those of administrator for the contract. He stated that it has always been his understanding that the contractor is responsible for safety on the projects.
After reviewing the pertinent OSHA regulations, it appears that a number of safety violations were present at the time of the incident. The most obvious appear to be the safety net and guardrail requirements for scaffolds.
While these violations may not have caused the accident, it is reasonable to assume that had the net and guardrails been present, the injuries and death might will have been avoided.
Nevertheless, the Court cannot, in good conscience, find respondent's conduct to be the proximate cause of the accident. Testimony disclosed that a number of supervisory individuals participated in this project. The Court has been unable to discern any omissions or acts on the part of the project engineer, which could be construed to have been the proximate cause of this accident.
The OSHA regulations cited by the claimants provide specific requirements regarding various aspects of construction. The evidence revealed that the prime contractor, *116 American Bridge, had the duty to maintain safety standards and was responsible for complying with the OSHA regulations, not the respondent.
Although the Court sympathizes with the tragedy which occurred on this project, the Court is unable to find that there was negligence on the part of respondent. Construction sites are inherently dangerous. The evidence does not support the contention that there was negligence on the part of the respondent which was the proximate cause of the injuries to the claimants. For these reasons, the Court is of the opinion to, and does, deny this claim.
Claim disallowed.